

★   ★   ★   ★   ★   ★   ★

**MEMORANDUM OPINION**

No. 04-08-00748-CR

Beverley Leon **HOLLINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-3928
Honorable Sharon MacRae, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:   Karen Angelini, Justice
 Sandee Bryan Marion, Justice
 Phylis J. Speedlin, Justice

Delivered and Filed:   May 13, 2009

AFFIRMED

A jury found defendant, Beverley Leon Hollins, guilty of possession of a controlled substance

and the trial court assessed punishment at five years' confinement.  In a single issue on appeal,

defendant contends the evidence is factually insufficient to support the verdict.  We affirm.

**DISCUSSION**

At around 7:00 p.m. on the evening of December 1, 2007, San Antonio Police Officer Reyna

received a dispatch on a family disturbance.  At the same time, San Antonio Police Officer Dyer also

received the dispatch, and the two officers, in separate patrol cars, responded to the location.  When

they arrived at 5118 Oldstead, they saw a man and a woman arguing in front of the house next door. The woman ran up to Dyer and spoke to him, while Reyna watched the man, whom he identified as the defendant. Reyna described the scene when they first arrived as follows:

> When myself and Officer Dyer first arrived, we observed Mary Helen standing closer to the property end. So, closer to the residence of 5114 Oldstead, as [defendant] was standing closer to the sidewalk of the residence. When we arrived, they switched places. Mary Helen ran to Officer Dyer and [defendant] went to where Mary Helen was originally standing.

> . . .

> When I first saw them, [they were standing] about 15 feet [apart].

> . . .

> The closest I saw them get to each other was about two arms lengths.

Reyna observed defendant holding "a clear plastic bag in his hands and he was trying to conceal it." Reyna said defendant tried to stay in the shadows and he [Reyna] tried to shine his flashlight on what looked like a sandwich bag, but all he saw was the light reflecting back. Reyna said he "could see vaguely what [defendant] had."

When both officers approached defendant and told him they needed to speak with him, defendant responded, "you don't need to talk to me" and he "made an aggressive walking movement toward the west end of the fence." Reyna said defendant dropped the bag, and when Dyer told him to stop, defendant jumped over the fence and ran. Defendant was eventually apprehended and taken into custody. After securing defendant in one of the patrol cars, Reyna walked back to where he had seen defendant drop the bag. When asked if he found anything else that could have been the object defendant threw down, Reyna responded "no" and that the bag was the only thing in the yard. The contents of the bag tested positive for cocaine. The bag itself was not finger-printed.

On appeal, defendant asserts the evidence is factually insufficient because Reyna was the only witness to testify he saw defendant holding the bag, there was limited lighting, Mary Helen had "switched places" with defendant when the officers arrived, and the bag was not finger-printed. We review the sufficiency of the evidence under the appropriate standard of review. *See Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006) (factual sufficiency); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same). The standard of review is the same in both direct and circumstantial evidence cases. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999). We must defer to the factfinder, and may find the evidence factually insufficient only where necessary to prevent manifest injustice. *See Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The trier of fact may draw reasonable inferences and is the exclusive judge of the witnesses' credibility and the weight to give their testimony. *Jones v. State*, 944 S.W.2d 642, 647-49 (Tex. Crim. App. 1996). Here, the jury was free to decide whether to believe Officer Reyna's testimony that he saw defendant holding the bag, that he saw defendant drop the bag, and that the bag he retrieved from the scene was the same bag. Other than Officer Reyna, only the forensic scientist who tested the contents of the bag testified. Considering the evidence as a whole, we conclude the jury's determination was not contrary to the overwhelming weight of the evidence.

## CONCLUSION

We overrule defendant's issue on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice


DO NOT PUBLISH